UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case # 05-30091-KPN

| | |
|---|---|
| JENETA KELLY, Plaintiff<br>By her Guardian and next Friend,<br>GENSIE KWAME,<br><br>v.<br><br>DAYTONA FUN PARK<br>G & R GO CART,<br>RUSTY BERTHOLET, Defendants | PLAINTIFF'S COMPLAINT<br>AND DEMAND FOR JURY<br>TRIAL |

**Preliminary Statement**

This is an action to recover money damages sustained by Jeneta Kelly, legal ward of Gensie Kwame, as a result of negligence of the Defendants in operating, maintaining and supervising patrons for a ride known as "GURIO" at the amusement park owned and operated by the Defendants. The Defendants acted negligently by failing to properly anchor the ride to the ground, allowing the ride attendant (an employee of the Defendants) to improperly operate the ride, failing to ascertain the proper safety for securing patrons of the ride, failing to maintain the safety restraints for the ride, and the failure of the attendant to respond to the complaints of the patron, Jeneta Kelly, that she was dizzy and uncomfortable.

The Plaintiff contends that the Defendants, acting with their employees and agents, failed to secure, maintain and supervise the ride at their amusement park known

1

as "GURIO". As a result of these failures on the part of the Defendants, the Plaintiff's ward, Jeneta Kelly, was thrown from the ride, was injured and suffered physical damages, emotional distress and other related trauma.

### Parties

1. Gensie Kwame is the grandmother and legal guardian of Jeneta Kelly, a 17 year old minor (hereinafter referred to as the "ward"), with a usual address of 13 Harvard Street, Springfield, Massachusetts 01109.

2. Daytona Fun Park G & R Go Cart is an amusement park with a usual address of Rural Route 118, Laconia, New Hampshire 03246.

3. Rusty Bertholet is upon information and belief, the owner of the amusement park described in paragraph 2 above, with a usual place of residence at 48 Lucerne Avenue, Laconia, NH 03246.

### Jurisdiction and Venue

4. This Court, based upon the total of citizenship of the parties herein, has diversity jurisdiction over the action pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy between the Plaintiff and the Defendants exceeds, exclusive of interest and costs, the sum of $75,000.00.

5. Venue is appropriate within the District of Massachusetts pursuant to 28 U.S.C. §1391(a).

## Factual Background

6. On or about August 13, 2003, the Plaintiff and her ward, Jeneta Kelly was a patron at the Defendant amusement park, Daytona Fun Park G & R Go Cart, along with her sister and cousin.

7. The ward's cousin and sister rode the ride prior to the ward.

8. During their ride the ward's sister was thrown so violently that she hit her head on a part of the ride.

9. The ward then entered the ride and was secured by a single strap around her waist and adjustable foot restraints.

10. When the ward was on the ride, the ward's sister observed the ride lift from the ground and heard a noise when that happened.

11. During her ride, the ward was thrown violently from side to side.

12. At the completion of her ride, the ward was asked by the attendant if she wanted to ride again.

13. The ward said yes, but asked that the ride be slower as she was experiencing dizziness on the last ride.

14. During the second ride, the ward recalls that she was flung violently from the ride, leaving the unit in which she was riding and found herself on the ground.

15. Upon regaining her senses, the ward observed her teeth on the ground and was unaware that her jaw was broken and that she was bleeding.

16. The Plaintiff then took the ward away from the park and sought medical assistance at a local hospital.

17. On or about August 19, 2003, the Plaintiff received three (3) whole teeth and one broken tooth from the emergency room at the hospital in New Hampshire where the ward was treated.

18. The Plaintiff then sought and obtained services from an oral surgeon to assist the ward in her recovery.

## Count I – Negligent Supervision

19. The Plaintiff restates paragraphs 1 through 18 inclusive, as if set forth herein.

20. The Defendants were obligated to properly and safely secure the ward in the ride equipment.

21. The Defendants' agents failed to properly supervise the ride attendant to insure the proper safety of ride patrons was effected.

22. The actions of the ride attendant, in failing to properly secure the ward in the ride unit resulted in injuries to her person.

23. As a direct result of the Defendant's failure, the ward was thrown from the ride and was injured.

24. The ward lost four teeth and required extensive oral surgery as a direct result of her injuries.

25. The medical bills to date for the ward exceed $10,000.00 and the additional future medical expenses that are reasonably likely, pursuant to advice of the ward's oral surgeon and consulting medical providers, will exceed $70,000.00.

WHEREFORE the Plaintiff demands judgment against the Defendants together with interest and costs thereon, reasonable attorney's fees and such additional relief as this Court may deem proper.

### Count II – Negligent Maintenance

26. The Plaintiff restates paragraphs 1 through 25 inclusive, as if set forth herein.

27. The Defendants were obligated to maintain the ride equipment in a safe and proper working manner.

28. Upon information and belief, the Defendants knew or should have known that the ride equipment was not properly functioning when the ward was a patron on the ride.

29. The Defendants failed to properly maintain the ride equipment in a safe and proper working manner resulting in injuries to the ward.

WHEREFORE the Plaintiff demands judgment against the Defendants together with interest and costs thereon, reasonable attorney's fees and such additional relief as this Court may deem proper.

### Count III – Negligent Infliction of Emotional Distress

30. The Plaintiff restates paragraphs 1 through 29 inclusive, as if set forth herein.

31. The ward made the Defendants' agent aware of the effects of the ride upon her physical and emotional well-being.

32. Despite the ward's advice, the Defendants' agents continued to increase the speed of the ride, and the orientation of the ward's ride unit, spinning it around against the ward's request.

33. As a result of the Defendant's agent's actions, the ward was thrown from the ride and smashed into the ride framework suffering injuries and emotional distress.

WHEREFORE the Plaintiff demands judgment against the Defendants together with interest and costs thereon, reasonable attorney's fees and such additional relief as this Court may deem proper.

## Count IV- Negligence

34. The Plaintiff restates paragraphs 1 through 33 inclusive, as if set forth herein.

35. The Defendants owed the Plaintiff and her ward a duty to maintain, supervise and reasonably keep the premises and all rides thereon safe and properly maintained.

36. The Defendants failed to maintain, supervise and reasonably keep the premises, and all rides thereon, safe and properly maintained.

37. As a direct result of the Defendant's failure, the Plaintiff's ward suffered injuries and damages.

WHEREFORE the Plaintiff demands judgment against the Defendants together with interest and costs thereon, reasonable attorney's fees and such additional relief as this Court may deem proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS APPLICABLE HEREIN.**

The Plaintiff,
By her Attorney,

Greg T. Schubert
1365 Main Street
Springfield, Mass. 01103
Telephone: (413) 746-1313
FAX: (413) 746-3102
BBO # 447340

7

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jeneta Kelly, By her Guardian and next friend, Gensie Kwame

**DEFENDANTS** Daytona Fun Park, G & R Go Cart, Rusty Bertholet

(b) County of Residence of First Listed Plaintiff **Hampden**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Belknap**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 413-746-1313
Greg T Schubert, Counsellor At Law
1365 Main St., Springfield, MA 01103

Attorneys (If Known) 617-426-3900
Michael Chefitz, ESq
Bonner, Kierman, Trebach & Crociata
One Liberty Square, Boston, MA 02109

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS- Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Tortious personal injury / Diversity Jurisdiction 28 U.S.C. 1332 (a)(1)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ > $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE 4/20/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

305900

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)
   Jeneta Kelly v. Daytona Fun Park

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   _X_   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒X

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☒X

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐         Central Division ☐         Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐         Central Division ☐         Western Division ☒

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Greg T Schubert, Counsellor At Law
ADDRESS            1365 Main Street, Springfield, MA 01103
TELEPHONE NO.      1(413) 746-1313

Coversheetlocal.wpd - 10/17/02