UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JENETA KELLY, | \* |
| By her Guardian and next Friend, | \* |
| GENSIE KWAME, | \*  CIVIL ACTION |
| | \*  NO. 05-30091-KPN |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| DAYTONA FUN PARK | \* |
| G & R GO CART and | \* |
| RUSTY BERTHOLET, | \* |
| | \* |
| | \* |
| Defendants. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' ANSWER AND JURY CLAIM

### First Defense

As and for a first and separate defense, defendants, named in the action as "Daytona Fun Park G & R Go Cart" and Rusty Bertholet, hereby respond as follows to the respective-numbered allegations contained in plaintiff's Complaint:

### Preliminary Statement

With respect to the section of plaintiff's Complaint entitled, "Preliminary Statement," defendants state that no response is required as it is introductory in nature. However, to the extent that any response is deemed to be required, defendants admit that this is an action for alleged money damages, but deny the remaining allegations contained in the first paragraph of the Preliminary Statement. Defendants deny the allegations contained in the second paragraph of the Preliminary Statement.

## Parties

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint.

2. Defendants state that there is no such entity known as "Daytona Fun Park G & R Go Cart." Defendants admit that Daytona Fun Park has an address of 11B Route 118, Laconia, New Hampshire, as opposed to "Rural Route 118" in Laconia. Defendants deny the remaining allegations contained in paragraph 2 of plaintiff's Complaint.

3. Defendants admit that Rusty Bertholet has the said residential address. Defendants deny the remaining allegations contained in paragraph 3 of plaintiff's Complaint.

## Jurisdiction and Venue

4-5. Defendants state that the allegations contained in paragraphs 4 and 5 of plaintiff's Complaint constitute allegations of law, as to which no response is required.

## Factual Background

6. Defendants admit that on the date in question Jeneta Kelly was a patron of Daytona Fun Park. Defendants deny that the park was named, "Daytona Fun Park G & R Go Cart." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of plaintiff's Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's Complaint.

8. Denied.

9. Defendants admit that the ride contains a guide and that Ms. Kelly was secured by adjustable foot restraints. Defendants deny the remaining allegations contained in paragraph 9 of plaintiff's Complaint.

10-11. Denied.

12. Admitted.

13. Defendants admit that Ms. Kelly said that she wanted to remain on the ride. Defendants deny the remaining allegations contained in paragraph 13 of plaintiff's Complaint.

14-18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14-18 of plaintiff's Complaint.

## Count I

19. Defendants repeat their responses to paragraphs 1-18 of plaintiff's Complaint and incorporate same herein.

20. Defendants state that the allegations contained in paragraph 20 of plaintiff's Complaint constitute allegations of law, as to which no response is required. To the extent that any response is deemed to be required, defendants deny that Rusty Bertholet owed any duty to the plaintiff, and deny that the plaintiff has accurately stated the scope of any duty that was owed by the owner and/or operator of the park.

21-23. Denied.

24-25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 24 and 25 of plaintiff's Complaint.

## Count II

26. Defendants repeat their responses to paragraphs 1-25 of plaintiff's Complaint and incorporate same herein.

27. Defendants state that the allegations contained in paragraph 27 of plaintiff's Complaint constitute allegations of law, as to which no response is required. To the extent that any response is deemed to be required, defendants deny that Rusty Bertholet owed any duty to the plaintiff, and deny that the plaintiff has accurately stated the scope of any duty that was owed by the owner and/or operator of the park.

28-29. Denied.

## Count III

30. Defendants repeat their responses to paragraphs 1-29 of plaintiff's Complaint and incorporate same herein.

31-33. Denied.

## Count IV

34. Defendants repeat their responses to paragraphs 1-33 of plaintiff's Complaint and incorporate same herein.

35. Defendants state that the allegations contained in paragraph 35 of plaintiff's Complaint constitute allegations of law, as to which no response is required. To the extent that any response is deemed to be required, defendants deny that Rusty Bertholet owed any duty to the plaintiff, and deny that the plaintiff has accurately stated the scope of any duty that was owed by the owner and/or operator of the park.

36-37. Denied.

## Second Defense

As and for a second and separate defense, defendants state that the plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Third Defense

As and for a third and separate defense, defendants state that this court lacks subject matter jurisdiction.

## Fourth Defense

As and for a fourth and separate defense, defendants state that this court lacks personal jurisdiction.

## Fifth Defense

As and for a fifth and separate defense, defendants state that this court lacks venue.

## Sixth Defense

As and for a sixth and separate defense, defendants state that there has been a misnomer of parties.

## Seventh Defense

As and for a seventh and separate defense, defendants state that plaintiff is precluded and/or limited in any recovery by her own contributory or comparative negligence.

## Eighth Defense

As and for an eighth and separate defense, defendants state that plaintiff is precluded and/or limited in any recovery by her assumption of the risk.

### Ninth Defense

As and for a ninth and separate defense, defendants state that plaintiff is precluded from any recovery under New Hampshire law, and that New Hampshire law governs this action.

### Tenth Defense

As and for a tenth and separate defense, defendants state that Rusty Bertholet, individually, owed no duty to the plaintiff.

### Eleventh Defense

As and for an eleventh and separate defense, defendants deny that they were negligent in any respect.

### Twelfth Defense

As and for a twelfth and separate defense, defendants state that even assuming that the ride was defective in any respect, which defendants deny, defendants had no notice of any defect.

### Thirteenth Defense

As and for a thirteenth and separate defense, defendants state that any damages sustained by plaintiff were caused by the acts of third persons which defendants had no reason to anticipate and of which defendants had no knowledge, or over whom defendants had no control, and for whose conduct defendants are not responsible.

### Fourteenth Defense

As and for a fourteenth and separate defense, defendants state that plaintiff has failed to mitigate her alleged damages.

DEFENDANTS CLAIM TRIAL BY JURY ON ALL CLAIMS AND DEFENSES.

Defendants,

by their attorneys,

_____
Michael D. Chefitz
BBO #544437
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square
Boston, Massachusetts 02109
(617) 426-3900
    -0380 (fax)

## CERTIFICATE OF SERVICE

I, Michael D. Chefitz, hereby certify that I have this 23rd day of June, 2005, served a copy of the aforesaid Answer and Jury Claim by telecopier and mail upon Greg Schubert, Esq., (413) 746-3102, 1365 Main Street, Springfield, Massachusetts 01103.

_____
Michael D. Chefitz