UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENETA KELLY, By her Guardian and ) <br> next Friend, GENSIE KWAME, ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ) <br> DAYTONA FUN PARK G & R GO ) <br> CART and RUSTY BERTHOLET, ) <br> Defendants ) | Civil Action No.  05-30091-KPN |

PROCEDURAL ORDER
RE:  FINAL PRETRIAL CONFERENCE/TRIAL

NEIMAN, C.M.J.

   The above entitled action is scheduled for final pretrial conference on November 6, 2006, at 2:00 p.m. in Courtroom Three, U.S. District Court, 1550 Main Street, Springfield, Massachusetts.  Each party shall be represented at the conference by trial counsel.

   Trial in this matter is scheduled to commence on November 13, 2006, at 9:00 a.m.  Trial shall proceed from 9:00 a.m. to 12:00 p.m., and from 1:00 p.m. to 4:00 p.m. daily.

   By October 9, 2006 Plaintiff shall send to Defendants any proposed jury instructions, special verdict form or special interrogatories.  By October 23, 2006, Defendants shall inform Plaintiff in writing of (1) any objections (with specificity) to the proposed instructions, verdict forms or special interrogatories, (2) the basis for the objection(s) and (3) a proposed alternative instruction, special verdict form or special interrogatory.

   Pursuant to the provisions of Local Rule 16.5 counsel shall meet prior to the conference to accomplish the following:

   (1)     to discuss and negotiate settlement of the action;
   (2)     to draft and sign a stipulation as all uncontested facts;
   (3)     to narrow the issues to be tried;
   (4)     to show to all parties any and all exhibits to be offered at trial;
   (5)     to notify all parties of the names and addresses of all witnesses to be called at trial, including names and qualifications of expert witnesses; and

 (6)  to discuss and narrow any differences with respect to jury instructions, special verdict forms or special interrogatories.

Counsel shall jointly prepare and file, by October 30, 2006, a pretrial memorandum which sets forth the following:

 (1)  a concise statement of the evidence that will be offered by all parties with respect to both liability and damages (including special damages, if any);
 (2)  a statement of facts established by the pleadings, by admissions or by stipulations (with the understanding that counsel shall stipulate to all facts not in genuine dispute);
 (3)  contested issues of fact;
 (4)  any jurisdictional questions;
 (5)  any question raised by pending motions;
 (6)  issues of law, including evidentiary questions, together with supporting authority;
 (7)  any requested amendments to the pleadings;
 (8)  any additional matters to aid in disposition of the case;
 (9)  the probable length of trial and whether jury or non-jury;
 (10)  a list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony;
 (11)  a list of the proposed exhibits to be offered at trial (with the understanding that counsel shall distinguish those exhibits to be introduced without objection from those to be introduced with objection) and proposed jury instructions, special verdict form or special interrogatories on which the parties agree.

Also by October 30, 2006, counsel shall independently file the following:

 (1)  any proposed voir dire questions;
 (2)  any pretrial motions, i.e., motions in limine, for a view, etc.; and
 (3)  if counsel do not agree on any particular instruction, special verdict question or interrogatory, any proposed instructions, special verdict questions or interrogatories in response to the opponent's proposal.

By November 1, 2006, counsel shall file any oppositions to the outstanding motions.

Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order and file a copy of the writing with the Clerk.

Compliance with this Order is not excused absent the filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

PLEASE NOTE: The court requires twenty-four (24) hour notice of settlement.

Any settlement on the eve of trial may result in the imposition of costs, including the costs associated with bringing in jurors unnecessarily.

BY THE COURT:

DATED: May 17, 2006

  /s/ Bethaney A. Healy
Bethaney A. Healy, Deputy Clerk